**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ANDRE A. JOHNSON,

                Plaintiff,

v.

ANTHONY ANNUCCI, Commissioner of
DOCCS, and TINA STANFORD, Chairwoman
Of the Division of Parole,

                Defendants.

**DECISION & ORDER**
15-CV-6591

## Preliminary Statement

Pro se plaintiff Andre Johnson ("plaintiff") brings the instant action under 42 U.S.C. § 1983, alleging that defendants Anthony Annucci, the Commissioner of the New York State Department of Corrections and Community Supervision, and Tina Stanford, the Chairwoman of the Division of Parole violated his civil rights by failing to properly credit plaintiff with parole jail time. See Amended Complaint (Docket # 4); see also Order Denying Motion to Dismiss (Docket # 27). Pending before the Court is plaintiff's motion to appoint counsel,(Docket # 55), and a request to proceed in forma pauperis (Docket # 56), both dated October 5, 2016.

## Discussion

In his motion, plaintiff argues that he needs Court-appointed counsel because he is inexperienced in the matters of

law and needs assistance in filing motions. See Motion to Appoint Counsel (Docket # 55). For the reasons that follow, plaintiff's motion is **denied without prejudice to renew.**

Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, the Court finds that plaintiff's allegations satisfy the initial threshold showing

of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004)(finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003)(finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, the Court concludes that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Here, plaintiff's pro se complaint is straightforward as to the nature of the events from which he is seeking relief. The legal circumstances surrounding plaintiff's claims do not appear to be unusually complicated, and indeed the factual circumstances seem likely to be resolved with minimal discovery. The case centers on the question of whether plaintiff was properly credited with time he spent in jail. Plaintiff claims that on May 15, 2012, while on parole from a prior sentence, he was arrested on new

3

charges. Plaintiff states that he spent 486 days in jail awaiting the outcome of the new charges, and that those days should have been credited to the parole violation and not to his current conviction. See Amended Complaint (Docket # 4); see also Decision and Order Granting in Part and Denying in Part Motion to Dismiss (Docket # 45). Based on a referral from District Court Judge Siragusa (Docket # 52), this Court held a Scheduling Conference with both parties on November 16, 2016. At the conference, plaintiff appeared telephonically and clearly articulated what outstanding documents and information he would like to receive in order to argue his case. See Scheduling Order (Docket # 58). In addition, plaintiff submitted a well-drafted and logical complaint and motions papers, and has withstood two motions to dismiss and an Order to Show Cause. See Dockets ## 1, 4, 27, 45, and 46. Accordingly, at this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F.Supp.2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel

4

now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005)(denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Should he need, plaintiff may consult with the Western District's pro se office attorneys for questions on discovery process and procedure. Plaintiff's motion to appoint counsel is **denied**.

## Conclusion

Plaintiff's motion for appointment of counsel (Docket # 55) is **denied**. Plaintiff's motion to proceed in forma pauperis (Docket # 56) is **moot**. Plaintiff was granted in forma pauperis status by Court Order on October 16, 2015 (Docket # 3).

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:    November 21, 2016
          Rochester, New York