```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

ANDRÉ A. JOHNSON,

      Plaintiff,

-vs-

ANTHONY J. ANNUCCI, *Commissioner of D.O.C.C.S.*, and TINA M. STANFORD, *Chairwoman of the Division of Parole*,

      Defendants.

DECISION AND ORDER

15-CV-6591-CJS

## APPEARANCES

For Plaintiff:  Andre A. Johnson, 13R2584
*Pro Se*
Wyoming Correctional Facility
Post Office Box 501
Attica, NY 14011-0501

For Defendants:  Hillel David Deutsch, A.A.G.
NYS Attorney General's Office
Department of Law
144 Exchange Boulevard
Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.** In this prisoner civil rights case, plaintiff André A. Johnson ("Johnson") is seeking sentencing credit for 486 days spent in jail on a parole violation pursuant to New York Criminal Procedure Law § 380.65, New York Executive Law § 259-i, New York Penal Law § 70.23, the New York State Division of Parole Policy and Procedures Manual, and 9 N.Y.C.R.R. § 8010.3. Now before the Court are Johnson's motions: (1) seeking summary judgment filed on July 7, 2016, ECF No. 43; (2) seeking a preliminary injunction, filed on August 21, 2017, ECF No. 71; and (3) seeking the Court's intervention to protect his constitutional rights, filed on September 5, 2017, ECF No. 72. Defendants filed a cross-motion for summary

judgment on March 20, 2017, ECF No. 64. In addition to those motions, Johnson responded to the Court's Order to Show Cause, ECF No. 46, in a letter docketed on August 29, 2016, ECF No. 49. For the reasons below, Johnson's applications, ECF No. 43, ECF No. 71 and ECF No. 72 are denied. Defendants' application, ECF No. 64, is granted. The Court determines no sanctions are warranted pursuant to its Order to Show Cause, ECF No. 46.

## BACKGROUND

Johnson commenced this action on October 5, 2015, by filing a complaint and a motion to proceed *pro se*. ECF No. 1, ECF No. 2. In its initial screening order, ECF No. 3, the Court directed Johnson to file an amended complaint, which he did on November 3, 2015. ECF No. 4.[1] The Court subsequently directed the United States Marshal ("Marshal") to serve the amended complaint, and the Clerk sent summonses to the Marshal on November 20, 2015. Mr. Deutsch filed a notice of appearance only for defendant Tina M. Stanford[2] on December 23, 2015, ECF No. 11. On December 28, 2015, Mr. Deutsch filed a motion to dismiss on behalf of *both* defendants, ECF No. 12, which the Court denied on March 3, 2016, ECF No. 27.

Johnson filed his motion for summary judgment on July 7, 2016, ECF No. 43. Defendants' responses were due twenty-eight days after service. W.D.N.Y. Loc. R. Civ. P. 7(b)(2)(A) (2016). Johnson's affidavit of service, ECF No. 43-7, states that he served the motion papers

---

[1] Johnson filed a proposed second amended complaint, ECF No. 8, which the Court determined was insufficient, and held that the amended complaint, ECF No. 4, was the operative pleading. Decision and Order at 5–6, *Johnson v. Annucci*, No. 15-CV-6591 (W.D.N.Y. Mar. 3, 2016), ECF No. 27.

[2] Mr. Deutsch's notice only lists her last name and spells it "Sanford." Ms. Stanford is the Chairwoman of the Board of Parole in New York, according to her biography. Department of Corrections and Community Supervision, Biography of Tina M. Stanford, Esq., http://www.doccs.ny.gov/Chairwomanbio.html (last visited Nov. 17, 2017).

2

on July 5, 2016, making the due date for a response August 2, 2016. To date, the Clerk's docket does not show that Defendants filed a response.

Defendants filed a cross-motion for summary judgment on March 20, 2017, ECF No. 64. Johnson responded to it on April 10, 2017, ECF No. 68. Defendants also served an *Irby* notice as required by the Court's local rules. W.D.N.Y. Loc. R. Civ. P. 56.2 (2017); *Irby v. New York City Transit Authority*, 262 F.3d 412, 414 (2d Cir. 2001).

### *Johnson's Factual Statement*

In his motion for summary judgment, Johnson included a statement of facts about which he contended that no material issue existed. Johnson asserts in his sworn statement of facts, that he was sentenced to a concurrent sentence, but that Defendants altered it to a "cumulative sentence." Johnson Statement of Facts ¶¶ 4A–B, Jul. 7, 2016, ECF No. 43-7. Further, he contends that the Division of Parole[3] lodged a warrant against him on May 21, 2012, and that, at the time of that warrant, Johnson was being held on new criminal charges. *Id*. ¶¶ 4C–D. Consequently, Johnson claims that he is entitled to 486 days of credit on his criminal sentence for what he labels "Parol[e] Jail Time." *Id*.

### *Defendants' Factual Statement*

Defendants'' factual statement is more detailed. The Court will set out their declarations, followed by any objections Johnson made in his response. Johnson was convicted of Attempted Murder in the Second Degree in 1981 and sentenced to 12 ½ - 25 years' incarceration. Def.s' Rule 56 Statement ("Def.s' Stmt.") ¶ 1, Mar, 30, 2017, ECF No. 64-1. In 1982, he was convicted of attempted murder in the first degree and sentenced to 15 years to life in

---

[3] In April 2011, the New York State Department of Corrections and the Division of Parole merged to form the New York State Department of Correctional and Community Supervision ("DOCCS"). DOCCS Fact Sheet http://www.doccs.ny.gov/FactSheets/DOCS-Parole-Merger.html (last visited Nov. 17, 2017). Nevertheless, the Court will use the phrase Division of Parole from Johnson's filings to refer to the parole supervision branch of DOCCS.

3

prison. The 1981 and 1982 sentences were ordered to be served concurrently. Letter from Richard de Simone, Deputy Counsel in Charge, Office of Sentencing Review, DOCCS[4] to Heather L. McKay, Esq. (Oct. 15, 2015) at 2, *attached to* Deutsch Decl. as Ex E, ECF No. 64-4.

Johnson was released on February 18, 1998, to parole supervision[5] and, while on parole, was convicted of four new felony assault charges in 2013. Def.s' Stmt. ¶ 3. Johnson was held in county jail custody from May 12, 2012 to September 12, 2013, before being transferred to State custody to serve his cumulative sentence of seven years' incarceration with five years' post-release supervision. *Id*. ¶ 4. Based on his county jail incarceration, Johnson was credited against his 2013 sentences with 486 days of jail time pursuant to Penal Law § 70.30(3). *Id*. ¶ 5. Johnson states that he was held from his arrest date of May 15, 2012, until his transfer, which took place on September 18, 2013. Pl.'s Response to the Defendants' Notice of Motion and Memorandum of Laws ("Pl.'s Resp. Stmt.") ¶ 2, Apr. 10, 2017, ECF No. 68. Johnson adds that his sentence in 2013 was directed to be served concurrently, though he does not state whether it was concurrent to a prior sentence, or if the sentences for the four counts were to be served concurrently with each other, and consecutively with his 1981 and 1982 sentences. Pl.'s Resp. Stmt. ¶ 2. DOCCS reported that the 2013 sentences were to run concurrently with each other, and by operation of law, concurrent with the 1981 and 1982 sentences, which themselves ran concurrently. Letter from Richard de Simone, Deputy Counsel in Charge, Office of Sentencing Review, DOCCS to Heather L. McKay, Esq. (Oct. 15, 2015) at 2, *attached to* Deutsch Decl. as Ex E, ECF No. 64-4.

---

[4] Department of Correctional and Community Supervision ("DOCCS").

[5] This information is not contained in either party's statement of facts, but is in the Verified Answer and Return by Heather L. McKay ¶ 9, *People ex rel. Johnson*, Index No. 656-2015 (N.Y. Sup. Ct. Oct. 16, 2015) *attached to* Deutsch Aff. as Ex. E, ECF No. 64-4 (hereinafter "Answer and Return").

4

Included in Defendants' statement of facts is an argument against crediting him with parole jail time. Defendants contend that the longest term of imprisonment Johnson received in 2013 was seven years and, therefore, he could not begin to earn parole jail time credit towards his 1981 and 1982 sentences pursuant to § 70.40(3)(c)(iii) until he was detained for more than seven years in county jail awaiting his return to DOCCS pursuant to the 2013 sentences. Def.s' Stmt. ¶ 8. Since Johnson only served 486 days in county jail before his return to DOCCS in 2013, Defendants argue that his 1981 and 1982 sentences are not entitled to any parole jail time credit pursuant to § 70.40(3)(c)(iii). *Id*. ¶ 9.

Defendants also maintain that Johnson has previously argued in four separate state lawsuits that he was not properly credited with 486 days of parole jail time and list the cases as; (1) *Matter of Johnson v. NYS Div. of Parole*, Index No. 657-2015 (N.Y. Sup. Ct. Oct. 21, 2015); (2) *People ex rel. Johnson v. Jones*, Index No. 656-2015 (N.Y. Sup. Ct. Nov. 2, 2015); (3) *People ex rel. Johnson v. Artus*, No. 064-2015 (N.Y. Sup. Ct. Apr. 17, 2015); and (4) *Matter of Johnson v. Annucci*, No. 143998 (N.Y. Sup. Ct. Jul. 8, 2015). Def.s' Stmt. ¶ 6. All four petitions have all been denied. Defendants further contend that Johnson is receiving 486 days of jail time credit, but that since his 1982 conviction has a maximum of life imprisonment, "even if the 486 days were, as Plaintiff wishes, credited towards the earlier conviction, it would have no effect on his maximum expiration date and therefore does not implicate any liberty interest." Def.s' Stmt. ¶ 11.

Johnson argues in his responsive factual statement that he received a memorandum from the director of parole operations, Megan Hickey, dated October 2, 2015. In the memorandum, Hickey states that Johnson's "sentences are running concurrent with his previous conviction under [81-A-5811] [sic] pursuant to N.Y.S. Penal Law § 70.25(1)(a)." Pl.'s Resp. Stmt. ¶ 2.

## STANDARD OF LAW

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, ... demonstrate the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and "the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a) (2015). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) (citation omitted).

The burden then shifts to the non-moving party to demonstrate specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Id.* at 249. "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(c)(1). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## ANALYSIS

The Court determines that there are no material factual issues precluding summary judgment. The major difference between the two parties is in application of New York law to the 486 days Johnson's spent in the county jail starting in May 2012.

New York Penal Law section 70.40 is the relevant statutory provision concerning credit against Johnson's 1981 and 1982 sentences. The pertinent subdivision states in part:

> Any time spent by a person in custody from the time of delinquency[6] to the time service of the sentence resumes shall be credited against the term or maximum term of the interrupted sentence, provided…that such custody arose from an arrest on another charge which culminated in a conviction, but in such case, if a sentence of imprisonment was imposed, the credit allowed shall be limited to the portion of the time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such [] conviction.

N.Y. Pen. L. § 70.40(3)(c)(iii). Pursuant to that section, Johnson received 486 days' credit against his 2013 sentence. The "such conviction" language in the statute applies to the 2013 conviction pursuant to the "provided…that" language.

Accordingly, the Court determines that Defendants properly credited Johnson's parole jail time of 486 days against the seven years' incarceration imposed for the four new felony assault convictions in 2013. People ex rel. Melendez v. Bennett, 291 A.D.2d 590, 591, 738 N.Y.S.2d 112, 114 (N.Y. App. Div. 3d Dep't 2002) ("Inasmuch as petitioner's jail time was the result of his incarceration on the pending charges, it could not be credited against the undischarged term of the previously imposed sentence which had been interrupted"); *accord Edwards v. Preiser*, 51 A.D.2d 888, 889 (N.Y. App. Div. 4th Dep't 1976) ("Because appellant was arrested on a new charge, convicted and sentenced to a term exceeding the 413 days (from date of delinquency to date undischarged sentence was resumed), he is not entitled to credit

---

[6] Delinquency is determined by the board of parole. N.Y. Pen. L. § 70.40(3)(a). Johnson was declared delinquent on three occasions between 1998 and 2008, and the fourth declaration of delinquency is what resulted in his arrest on May 12, 2012. Answer and Return ¶¶ 9–10.

under the Penal Law ( § 70.40, subd 3, par [c], cl [iii]) on his interrupted 1966 sentence.");

*People ex rel. Ternaku v. Lefevre*, 58 A.D.2d 932, 933, 397 N.Y.S.2d 421, 424 (App. Div. 1977) ("His jail time did not exceed the sentence imposed for his new conviction. Jail time has been properly credited to petitioner's second sentence only"). Moreover, since all of Johnson's sentences are being served concurrently, and since the maximum term is life, Johnson will be unable to show he was deprived of a liberty interest even if the credit was improperly applied. Defendants have shown they are entitled to judgment as a matter of law.

## CONCLUSION

Defendants have shown they are entitled to judgment as a matter of law. Consequently, Defendants' application, ECF No. 64 is granted, and Johnson's applications, ECF No. 43, ECF No. 71, and ECF No. 72, are denied. The Clerk is directed to enter judgment for Defendants and close this case.

IT IS SO ORDERED.

DATED: December 4, 2017
       Rochester, New York

                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge